UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| LaJeff Lee-Percy Woodberry, | Case No. 18-46856 |
| Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| Mark H. Shapiro, Chapter 7 Trustee for the bankruptcy estate of LaJeff Lee-Percy Woodberry, | Adversary Proceeding No. 18-04356-PJS |
| Plaintiff, | |
| v. | |
| Yumi Yoo Woodberry, | |
| Defendant. | |
| _____/ | |

**ORDER (1) DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT; AND (2) SETTING DEADLINE FOR DEFENDANT TO ANSWER COMPLAINT**

Introduction

On June 26, 2019, the Court held a hearing in this adversary proceeding on cross-motions for summary judgment. The Court made a number of oral rulings at the hearing and indicated to the parties that it would memorialize those rulings in an order. Following the hearing, and upon further reflection by the Court, it occurred to

the Court that the procedural posture of this adversary proceeding requires the Court to change some of the rulings that it made at the hearing. Accordingly, the Court now enters this order to memorialize certain rulings made at the hearing and to withdraw other rulings made at the hearing based on the procedural posture of the adversary proceeding.

Background

This adversary proceeding arises out of a pro se Chapter 7 bankruptcy case filed on May 9, 2018 by LaJeff Lee-Percy Woodberry ("Debtor"). On August 2, 2018, Mark H. Shapiro, the Chapter 7 Trustee ("Trustee") in the Debtor's bankruptcy case, filed a 30-count complaint ("Complaint") in this adversary proceeding against the Debtor's spouse, Yumi Yoo Woodberry ("Defendant"). The Complaint seeks to avoid and recover numerous fraudulent transfers alleged to have been made by the Debtor to the Defendant.

The Defendant did not file an answer to the Complaint but, on October 1, 2018, filed a pro se motion for summary judgment (ECF No. 7). On October 15, 2018, the Trustee filed a response (ECF No. 8). On the same day as the Trustee filed his response to the Defendant's motion for summary judgment, the Trustee also filed his own motion for summary judgment (ECF No. 10), even though the Defendant had not yet filed an answer to the Complaint. On October 29, 2018, the Defendant filed a

pro se response (ECF No. 13) to the Trustee's motion for summary judgment. Because responses were filed to both motions, the Court, consistent with its ordinary practice, scheduled them for hearing on November 9, 2018. The day before the hearing, the Defendant filed an additional pro se brief (ECF No. 16) in opposition to the Trustee's motion for summary judgment.

By the time of the hearing on November 9, 2018, the Court had become quite familiar with the Debtor's bankruptcy case. The Court had already held hearings regarding various disputes between the Debtor and the Trustee about the Debtor's claim of exemptions. In addition, the United States Trustee ("UST") had also filed an adversary proceeding objecting to the Debtor's discharge. The Debtor was handling all of these matters pro se.

The Debtor and the Defendant both appeared at the hearing on November 9, 2018. Recognizing that there was an overlap of issues in the Debtor's bankruptcy case and in this adversary proceeding, the attorney for the Trustee suggested to the Court the possibility of sending this adversary proceeding and the disputes in the Debtor's bankruptcy case to mediation. Given the fact that the Debtor was handling all of the issues in his bankruptcy case pro se, and because the Defendant was apparently handling this adversary proceeding pro se, albeit with the assistance of the Debtor, the Court reacted favorably to the Trustee's suggestion. The Court then explored on the

record with the Trustee, the Defendant and the Debtor the possibility of mediating not only this adversary proceeding and the other disputes between the Trustee and the Debtor in the Debtor's bankruptcy case, but also the possibility of including the UST's adversary proceeding in the mediation as well.

The Trustee, the Debtor, the Defendant and the UST all agreed to mediation. The Court appointed a very reputable, skillful and experienced attorney as the mediator. Initially, the Court ordered the mediation to be completed by December 15, 2018. However, the Court granted extensions of the time to complete the mediation because the issues in it were complex and the mediator advised the Court that the parties were making progress. Eventually, the Court extended the deadline to complete the mediation to May 17, 2019.

Unfortunately, the mediation was not successful. As a result, the Court placed back on its docket the pending proceedings in the Debtor's bankruptcy case, the UST's adversary proceeding, and this adversary proceeding. The cross-motions for summary judgment in this adversary proceeding were rescheduled for hearing on June 12, 2019. By agreement of the Trustee and the Defendant, the hearing on the cross-motions was adjourned to June 26, 2019.

## Summary judgment hearing

The Court heard the Trustee's motion first. The Trustee's motion pertains only to counts II, IV, and V of the Complaint. Those counts allege that: the Debtor owned real property located at 18283 Muirland Street, Detroit, Michigan ("Property"); the Debtor executed a quit claim deed to the Property to the Defendant on January 28, 2013; the quit claim deed was not recorded until February 16, 2018; the Debtor did not receive any consideration for the quit claim deed; and the Debtor was insolvent at the time that the Debtor transferred the Property to the Defendant. The Trustee's motion requests a finding that the transfer of the Property by the Debtor to the Defendant was constructively fraudulent and voidable under § 548(a)(1)(B) of the Bankruptcy Code (count II) and Michigan Compiled Laws § 566.35(1)(a) (count IV), and requests that the Court preserve the avoided transfer of the Property for the benefit of the Debtor's bankruptcy estate (count V).

Although the Defendant's pro se response to the Trustee's motion contests everything raised by the Trustee, at the hearing the Defendant, now represented by an attorney, conceded that for purposes of both counts II and IV of the Complaint, the date of the transfer of the Property was the date that the quit claim deed was recorded on February 16, 2018, and not the date that the quit claim deed was executed on January 28, 2013. The Trustee pointed out to the Court that the Debtor's

uncontroverted testimony at the § 341 meeting, as evidenced by the transcript attached to the Trustee's motion, demonstrates that there was no value at all, let alone reasonably equivalent value, provided by the Defendant to the Debtor in exchange for the transfer of the Property. The Defendant did not point to any evidence to controvert this testimony.

The Court noted that it did not appear from the record that there were any genuine issues of material fact with respect to either the date of the transfer of the Property or whether the Debtor received reasonably equivalent value in exchange for the transfer of the Property. In contrast, the Court found that there was a genuine issue of material fact with respect to whether the Debtor was insolvent at the time of the transfer of the Property. The Court stated that it appeared that the Trustee was entitled to a partial summary judgment with respect to those elements of a constructively fraudulent transfer regarding both the date of the transfer and whether there was reasonably equivalent value paid in exchange for the transfer, but not with respect to the issue of insolvency. As a result, the Court stated that it would grant the Trustee a partial summary judgment on counts II and IV but would deny the Trustee a summary judgment on count V.

The Court then went on to hear the Defendant's motion for summary judgment. The Defendant's attorney largely stood on the papers filed by the Defendant pro se.

The Trustee pointed out that no discovery had yet taken place in this adversary proceeding and that it was premature for the Court to consider the Defendant's motion, particularly as to those counts of the Complaint that involve a finding of intent or actual fraud by the Debtor. The Court found that there were genuine issues of material fact on all counts in the Complaint and, therefore, it would deny the Defendant's motion.

The Court concluded the hearing by explaining that it would enter an order setting forth its rulings. The Court also stated that the order would require the Defendant to file an answer to the Complaint within 14 days (i.e., by July 10, 2019), following which the parties would be required to file a Rule 26(f) report so that the Court could then issue a scheduling order for the duration of this adversary proceeding.

Order

As the Court was reviewing the file and preparing this order, the Court began to focus on the fact that the Defendant has not yet filed an answer to the Complaint. The absence of an answer does not mean that the Defendant defaulted. By filing her motion for summary judgment under Fed. R. Civ. P.56, the Defendant extended the time for filing an answer, in the same way that filing a motion to dismiss under Fed. R. Civ. P. 12 extends the time. But the absence of an answer to the Complaint

does raise a concern over whether the Trustee's motion for summary judgment is premature.

Typically, the Court does not entertain a plaintiff's motion for summary judgment until after a defendant has had an opportunity to take discovery, particularly in a fraudulent transfer case, like this one. The Advisory Committee Notes to Rule 56 recognize that while a motion for summary judgment may be filed at any time, in many cases, the motion may be premature until the non-moving party has had sufficient time to file a responsive pleading or otherwise obtain the facts necessary to defend the motion. Ultimately, the timing for hearing a motion is left by the Rules to the discretion of the trial judge.

Bearing in mind that this adversary proceeding has been held in abeyance for an extended period of time to mediate, that the Defendant has just now obtained an attorney to represent her, and that she still has not yet filed an answer to the Complaint, the Court finds that its discretion is best exercised in this instance by declining to grant even partial summary judgment at this time to the Trustee.

To be fair to the Trustee, the Defendant has never argued that the Trustee's motion for summary judgment is premature, but that is hardly surprising given that the Defendant filed a pro se response to the Trustee's motion and has shown that she is unfamiliar with the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy

Procedure. While it is true that the Court observed at the hearing that the Defendant had not pointed to anything in the record to show a genuine dispute over when the transfer of the Property was made, or whether there was any reasonably equivalent value given to the Debtor in exchange for the transfer, the Court nonetheless believes that due process for both the Trustee and the Defendant is best served by the Court withdrawing the partial summary judgment findings that it made at the hearing and deferring any granting of relief to the Trustee until after the Defendant files her answer to the Complaint. Simply put, without an answer to the Complaint — admitting or denying each and every allegation made — the Court cannot properly determine whether there are any genuine disputed issues of material fact based solely on the Defendant's pro se response to the Trustee's motion. In sum, the Court now concludes that the Trustee's motion was premature and should not have been considered at all by the Court at this juncture.

The Court stands by its denial of the Defendant's motion for summary judgment for the reasons explained on the record but, for the reasons explained in this order, now withdraws its oral rulings on the Trustee's motion for summary judgment and denies that motion without prejudice as it is premature. Accordingly, for the reasons stated on the record at the hearing, as supplemented by the reasons set forth in this order,

18-04356-jad    Doc 33    Filed 07/05/19    Entered 07/08/19 08:45:23    Page 9 of 10

**IT IS HEREBY ORDERED** that the Defendant's motion for summary judgment (ECF No. 7) is denied.

**IT IS FURTHER ORDERED** that the Trustee's motion for summary judgment (ECF No. 10) is denied.

**IT IS FURTHER ORDERED** that the Debtor must file an answer to the Complaint by **July 10, 2019**.

**IT IS FURTHER ORDERED** that once the Defendant files an answer to the Complaint, the Court will issue an order that sets a deadline for the parties to file a Rule 26(f) report, following which the Court will issue an adversary proceeding scheduling order. The Court will dispense with an initial scheduling conference in view of the fact that the Court is already familiar with the issues in this adversary proceeding, unless the Rule 26(f) report filed by the parties is deficient, in which case the Court will schedule a conference with the parties.

**Signed on July 05, 2019**



/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge