UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| LaJeff Lee-Percy Woodberry, | Case No. 18-46856 |
|     Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| Mark H. Shapiro, Chapter 7 Trustee for the bankruptcy estate of LaJeff Lee-Percy Woodberry, | Adversary Proceeding No. 18-4356-PJS |
|     Plaintiff, | |
| v. | |
| Yumi Yoo Woodberry, | |
|     Defendant. | |
| _____/ | |

**OPINION DENYING MOTION TO REQUIRE TRUSTEE
TO ACCEPT DEBTOR'S PAYMENT OF CLAIMS AND COSTS**

**Introduction**

This matter is before the Court in this adversary proceeding on a motion filed by a pro se debtor, who is not a party to the adversary proceeding, and his wife, who is a pro se defendant in the adversary proceeding. The motion requests various forms of

relief against the Chapter 7 trustee. None of the relief is available or warranted by applicable law. For the reasons explained, the motion is denied.

## Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(a).

## Facts

On May 9, 2018, LaJeff Lee-Percy Woodberry ("Debtor") filed this Chapter 7 bankruptcy case. On August 2, 2018, the Chapter 7 trustee ("Trustee") filed this adversary proceeding against the Debtor's wife, Yumi Yoo Woodberry ("Defendant"). The complaint contains 30 counts and seeks to avoid multiple fraudulent transfers of property by the Debtor to the Defendant including the home where the Debtor and the Defendant live with their children at 18283 Muirland, Detroit, Michigan ("Muirland Property"). The Defendant currently represents herself in the adversary proceeding but receives a lot of help from the Debtor, in part because the Defendant speaks limited English and the Debtor has acted as a translator for her. The Debtor has represented himself throughout his bankruptcy case, including as a defendant in a separate adversary proceeding brought by the United States Trustee ("UST") objecting to his discharge.

Given the many issues in the Debtor's case, the risks for the Debtor and his family in the adversary proceedings, and the fact that the Debtor and the Defendant insist on appearing pro se, the Court ordered all the issues to go to mediation. Twice. With two different mediators, each very skillful and experienced. To allow enough time to mediate, the Court postponed the schedule in the adversary proceeding multiple times.

In between the two mediations, the Debtor, now professing a desire to pay his creditors, moved to convert his case to Chapter 13. The Court found that the Debtor's motion was not filed in good faith and denied it in In re Woodberry, 604 B.R. 336 (Bankr. E.D. Mich. 2019), aff'd In re Woodberry, No. 19-CV-12576, 2020 WL 1508604 (E.D. Mich. March 30, 2020). While the Debtor, the Trustee and the UST litigated that motion and the ensuing appeal, the Court further deferred the schedule in the adversary proceedings. Once the Debtor's appeal was denied by the District Court for the Eastern District of Michigan, the Court moved the adversary proceedings forward and set a deadline for the filing of any further pretrial motions.

## **The Motion**

On May 19, 2020, the Debtor and the Defendant filed a joint motion ("Motion") (ECF No. 111) in this adversary proceeding titled:

1. MOTION TO REQUIRE TRUSTEES TO ACCEPT PAYMENT OF THE "LEGITIMATE" VALID CREDITOR CLAIMS AND TRUSTEE COSTS FROM DEBTOR LAJEFF WOODBERRY

2. MOTION TO REQUIRE TUSTEES TO GIVE DEBTOR A STATEMENT OF THE "LEGITIMATE" VALID CREDITOR CLAIMS AND TRUSTEE COSTS

AND

3. ADVERSARY DEFENDANT YUMI YOO WOODBERRY'S MOTION TO AMEND MAY 4, 2020 ORDER DEEMING MATTERS ADMITTED, ETC. TO CORRECT LEGAL ERROR REGARDING PAYMENT OF $500 COSTS.

On May 27, 2020, the Debtor and the Defendant filed a brief (ECF No. 115) in support of the Motion. On June 2, 2020, the Trustee filed a response (ECF No. 122). On June 15, 2020, the Debtor filed an affidavit (ECF No. 127) in support of the Motion, and on July 7, 2020, the Defendant filed another paper (ECF No. 129) in support of the Motion. On July 8, 2020, the Court heard the Motion.

The Motion makes many misstatements as to what has happened to date in the Debtor's bankruptcy case and in this adversary proceeding. In the Court's view, those misstatements are more a product of a lack of understanding of bankruptcy law rather than a deliberate attempt to mislead the Court. The Court is not going to address all the misstatements, but only those that matter to the relief requested in the Motion.

As can be seen from its title, the Motion requests various forms of relief, which basically boil down to three things. First and foremost, the Motion requests the Court to "enter an order requiring the Trustees to accept payment of creditor claims from the Debtor." Related to this main request, the Motion next requests that the Court enter an order "requiring the Trustees to give the Debtor a statement and accounting of the 'legitimate' valid creditor claims." Finally, the Motion requests that the Court enter an order "correcting the legal error" the Court made when it awarded costs to the Trustee because of the Defendant's failure to comply with discovery.

The Motion does not cite to any Bankruptcy Code section or other legal authority that supports either of the first two forms of requested relief, although the papers that the Defendant and the Debtor later filed in support of the Motion have some citations to general principles regarding the fresh start policy of the Bankruptcy Code and to § 704 of the Bankruptcy Code, which governs the duties of a Chapter 7 trustee. The Motion's only citation to legal authority in support of the Motion's third form of requested relief is Fed. R. Civ. P. 37(a)(5)(A).

## Discussion

It is clear from the Motion, the record made at the hearing, and the extensive litigation in the Debtor's bankruptcy case, that the Debtor and the Defendant want out of this adversary proceeding and the Debtor wants out of his bankruptcy case. The

Defendant unsuccessfully tried to dismiss this adversary proceeding. The Debtor unsuccessfully tried to convert this case to Chapter 13. In the Motion, the Debtor and the Defendant now ask the Court to order the Trustee to accept a settlement of this adversary proceeding. But there's a catch. They don't actually make a settlement offer. Instead, they ask the Court to order the Trustee to give them an accounting of the proofs of claims in the Debtor's bankruptcy case and the costs of administration of the bankruptcy case. Then they will make a settlement offer to the Trustee. That is not how Chapter 7 works.

Section 704 of the Bankruptcy Code spells out the duties of a Chapter 7 trustee. Section 704(a)(1) requires a trustee to "collect and reduce to money the property of the estate . . . as expeditiously as is compatible with the best interests of parties in interest." Nowhere does the statute say that the trustee has a duty to "accept" a settlement offer from a defendant in an adversary proceeding or from a debtor just because they think the trustee should do so. They are not the representatives of the bankruptcy estate. The trustee is.

If the Defendant and the Debtor want to settle this adversary proceeding, they can. And should. This adversary proceeding cries out for a settlement — the Muirland Property that is at the center of this adversary proceeding is the family home. That's why the Court has twice sent this matter to mediation. The way for the Debtor and the

Defendant to settle this adversary proceeding is to make a concrete settlement offer to the Trustee and engage in good faith settlement discussions based on an analysis of all the risks and rewards to all parties if the litigation continues to a conclusion. Frankly, the Debtor and the Defendant would be best served by hiring a lawyer to assist them in this process. The Court has told them that countless times. They choose not to, and the Court cannot force them to. But the Court also cannot force the Trustee to "accept" a settlement of a fraudulent transfer adversary proceeding against a debtor's non-filing spouse on terms dictated by the debtor. The Motion's request that the Court do so must be denied.

Similarly, nothing in § 704 says that a trustee must provide a debtor or a defendant in an adversary proceeding with an "accounting" of the "legitimate" and "valid" proofs of claims. If the Debtor and the Defendant believe that they need to know the amounts and nature of the proofs of claims that have been filed before they make a settlement offer, that's not unreasonable. But the way for them to get that information is to review the proofs of claims that are filed in the claims register. The bar date in this case was October 22, 2018. Only five proofs of claims were filed and one of those has been withdrawn. All the information that the Debtor and the Defendant need about these proofs of claims is readily available to them and the Trustee need not give them any "accounting" of the proofs of claims.

The request by the Debtor and the Defendant for an estimate of the Trustee's costs is a little different. Section 704(a)(7) does require a trustee to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." Putting aside the question of whether the Debtor and the Defendant are parties in interest for this purpose, at the hearing on the Motion the Trustee did just what § 704(a)(7) addresses: the Trustee estimated for the Debtor and the Defendant the costs of administration in this case thus far, and noted that those costs continue to go up with every motion filed in this case and adversary proceeding. The Trustee need not do anything else.

The Motion's final request for relief pertains to $557.50 of costs that the Court awarded the Trustee in an order entered on May 4, 2020. That award was made because of the Defendant's failure to respond to the Trustee's interrogatories, request for production of documents and request for admissions. The Motion argues that the Court should not have made that award under Fed. R. Civ. P. 37(a)(5)(A) without holding an evidentiary hearing. That rule, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7037, does not require an evidentiary hearing. It requires only that a court give a party against whom an award is sought "an opportunity to be heard." To say that the Court did so in this case is an understatement. The Defendant filed a written response to the Trustee's motion for an award of costs. The Court adjourned the

hearing at the Defendant's request and then again because of the COVID-19 health crisis. When the hearing was finally held on May 4, 2020, more than four months after the Trustee filed the motion requesting the award, the Defendant and the Debtor both attended the hearing and argued at length against the requested award. The rule did not require the Court to hold an evidentiary hearing and the Motion does not set forth any grounds for relief from that award.

## Conclusion

By now, the Court surely sounds like a broken record. The Defendant and the Debtor have every reason to want to settle this case. Their home is at stake as well as the potential for a large judgment against the Defendant. The Court has previously noted on several occasions and in two separate opinions that the Debtor's own testimony at the § 341 meeting about the Muirland Property has given the Trustee a strong case in this adversary proceeding. The Court currently has under advisement and will soon be ruling on the Trustee's motion for partial summary judgment. The Trustee too has good reasons to settle. The costs of litigation in the Debtor's case and in this adversary proceeding are enormous and are continuing to escalate. Even with a strong case, the Trustee undoubtedly recognizes that litigation always poses risks, both in the bankruptcy court and on appeal, and that continued litigation will escalate costs and delay distributions to creditors.

However, while the Court clearly believes that settlement is beneficial to all parties, the Defendant and the Debtor are mistaken if they believe the Court is going to force the Trustee to settle on terms that they dictate. The law does not permit the Court to do so.

The Court will enter a separate order denying the Motion for the reasons set forth in this opinion.

**Signed on July 24, 2020**

/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**