UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                    Chapter 7

LaJeff Lee-Percy Woodberry,                              Case No. 18-46856

     Debtor.                                           Hon. Phillip J. Shefferly

_____/

Mark H. Shapiro, Chapter 7 Trustee                      Adversary Proceeding
for the bankruptcy estate of                            No. 18-4356-PJS
LaJeff Lee-Percy Woodberry,

     Plaintiff,

v.

Yumi Yoo Woodberry,

     Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
ORDER FINDING DEFENDANT IN CONTEMPT OF COURT**

On July 16, 2020, the Court issued an Opinion and Order Granting Preliminary

Injunction ("Injunction") (ECF No. 140). On July 28, 2020, the Plaintiff, Mark H.

Shapiro, the chapter 7 trustee, filed a Motion for Contempt of Court ("Contempt

Motion") (ECF No. 144) alleging that the Defendant had not complied with the following provision in the Injunction:

> Within seven days from this order, the Defendant must provide the Trustee with: (1) a copy of the closing statement from the November 4, 2019 mortgage loan transaction that provided the Proceeds; and (2) a copy of a statement from the bank or other institution where the Proceeds are currently held.

At the Plaintiff's request, the Court held an expedited hearing on the Contempt Motion on August 3, 2020. The Defendant and her husband, the Debtor, who assisted her because of the Defendant's language difficulties, advised the Court that the Defendant did not comply with the Injunction because she did not receive the Injunction before the seven-day period in the Injunction expired. The Court instructed the Defendant and the Debtor that, regardless of the passage of the seven-day period, the Defendant must still provide the Plaintiff with the two documents described in the Injunction and gave the Defendant seven more days in which to do so.

Following the hearing, the Court entered an order (ECF No. 152) that required the Defendant to provide the Plaintiff with the two documents required by the Injunction by August 10, 2020. The order also adjourned the hearing on the Contempt Motion to August 31, 2020 at 11:00 a.m. and instructed the Plaintiff to file a declaration advising the Court whether the Defendant provided the two required documents by the August 10, 2020 date set by the Court.

- 2 -

On August 11, 2020, the Plaintiff filed a Declaration Regarding Defendant and Debtor's Failure to Comply with Court Order ("First Declaration") (ECF No. 155). The First Declaration states that the Defendant did not provide the Plaintiff either of the two documents described in the Injunction by the August 10, 2020 deadline set by the Court.

On August 13, 2020, the Plaintiff filed a Statement Regarding Document Production ("Second Declaration") (ECF No. 156). The Second Declaration states that the Plaintiff received the following two documents from the Defendant on August 11, 2020 and attached a copy of each of them: (i) a July 13, 2020 cashier's check customer receipt for $177,436.59 issued by Fifth Third Bank made payable to the Defendant with the memo "closing account;" and (ii) an October 13, 2019 "Closing Disclosure" for the mortgage loan for 18283 Muirland Street, Detroit, Michigan showing that the Defendant would receive $186,891.64 of the proceeds from the closing.

The Court held the adjourned hearing on the Contempt Motion on August 31, 2020. The Plaintiff attended but the Defendant and the Debtor did not. The Plaintiff argued that the Court should grant the Contempt Motion because the Defendant did not timely provide either of the two documents required by the Injunction, even by the extended deadline set by the Court. More importantly, the Defendant had still only provided the Plaintiff one of the two documents required by the Injunction: the closing

- 3 -

statement for the mortgage loan transaction. The Plaintiff acknowledged that the Defendant had also provided a cashier's check customer receipt showing that the Defendant received $177,436.59 from Fifth Third Bank on July 13, 2020. However, the Plaintiff argued that this cashier's check customer receipt does not meet the requirement of the Injunction that the Defendant provide the Plaintiff with "a copy of a statement from the bank or other institution where the Proceeds are currently held." The Plaintiff renewed his request for a finding of contempt and made an oral request for other forms of relief.

The Court explained the purpose and the legal standard for a finding of contempt. "[T]he objective of any contempt determination is to enforce the message that court orders and judgments are to be taken seriously." Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Service Co., 340 F.3d 373, 385 (6th Cir. 2003) (citation omitted). "[T]he purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." United States v. Bayshore Associates, Inc., 934 F.2d 1391, 1400 (6th Cir. 1991) (citing United States v. Mine Workers, 330 U.S. 258, 303-04 (1947)).

The moving party must prove (1) knowledge (2) of a "definite and specific order of the court" that (3) required the performance or non-performance of a particular act

or acts, and (4) failure to comply or perform.  <u>Rolex Watch U.S.A., Inc. v. Crowley</u>, 74 F.3d 716, 720 (6th Cir. 1996) (citation omitted).

> The "definite and specific" requirement guards against arbitrary exercises of the contempt power.  Contempt cannot be based on "a decree too vague to be understood," but is instead reserved for those who "fully understand[ ]" the meaning of a court order and yet "choose[ ] to ignore its mandate."

<u>Gascho v. Global Fitness Holdings, LLC</u>, 875 F.3d 795, 800 (6th Cir. 2017) (finding that a command to pay was specific, but because the timing of the obligation was conditional, the command was not definite) (quoting <u>Int'l Longshoreman's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n</u>, 389 U.S. 64, 76 (1967)).  "Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is irrelevant to the validity of [a] contempt finding."  <u>Rolex Watch</u>, 74 F.3d at 720 (internal quotation marks and citation omitted).

At the hearing, the Court found that the Defendant had actual knowledge of the Injunction.  The Court file reflects that the Court mailed the Injunction to the Defendant the same day that the Court entered the Injunction and the Plaintiff emailed the Injunction to the Defendant the same day that the Court entered the Injunction.  In addition, at the initial hearing on the Contempt Motion on August 3, 2020, the Defendant and the Debtor expressly acknowledged that they had seen the Injunction

although they disputed that they received it before the seven-day period in the Injunction had expired.

The Court also found at the hearing that the Injunction is definite and specific. There was nothing vague about it. The Injunction described in detail two documents and required the performance by the Defendant of a specific act with respect to those two documents: provide them to the Plaintiff within seven days. The colloquy on the record involving the Court, the Defendant and her husband leave no doubt in the Court's mind that the Defendant understood exactly what she was required to do under the Injunction.

The Court also found at the hearing that the Defendant failed to comply with the Injunction. At the initial hearing on the Contempt Motion on August 3, 2020, the Court extended until August 10, 2020 the time for the Defendant to perform the act required by the Injunction. The First Declaration is unrefuted and demonstrates that the Defendant did not provide the Plaintiff with either of the two required documents by the extended date of August 10, 2020. Of far more significance, the Second Declaration, which is also unrefuted, demonstrates that when the Defendant finally did provide any documents to the Plaintiff on August 13, 2020, the Defendant provided only one of the two required documents: the closing statement. Although the Defendant also provided the Plaintiff with a cashier's check customer receipt, the Court

agrees with the Plaintiff that this cashier's check customer receipt does not comply with the Injunction. The cashier's check customer receipt shows only that the Defendant has withdrawn the mortgage loan proceeds from Fifth Third Bank. It does not show what the Defendant has done with the proceeds since receiving the cashier's check. The cashier's check customer receipt shows that the Defendant has moved the loan proceeds but it does not show where the loan proceeds are "currently held," which was the point of the Injunction. The Court therefore found that the Defendant has failed to comply with the Injunction.

At the conclusion of the hearing, the Court found the Defendant to be in contempt of Court because of her failure to comply with the Injunction. The Court stated that it would prepare its own order granting the Contempt Motion, making the finding of contempt and awarding the $600.00 of costs requested by the Plaintiff in the Contempt Motion. However, the Court denied without prejudice the Plaintiff's oral request at the hearing for any additional forms of relief at this time. Accordingly, for the reasons set forth on the record at the hearing and in this order,

**IT IS HEREBY ORDERED** that the Contempt Motion (ECF No. 144) is granted.

**IT IS FURTHER ORDERED** that the Defendant is found to be in contempt of Court for her failure to comply with the Injunction.

**IT IS FURTHER ORDERED** that the Defendant may purge the finding of contempt in this order by providing the Plaintiff with the specific document required by the Injunction — "a copy of a statement from a bank or other institution showing where the Proceeds are currently held" — and by paying the Plaintiff $600.00 of costs, by September 18, 2020.

**IT IS FURTHER ORDERED** that if the Defendant fails to timely purge the finding of contempt contained herein, the Plaintiff may move for additional remedies to compel compliance with the Injunction and with this order. Any request for additional remedies must be supported by citations to legal authority for the Court to impose such remedies.

**Signed on September 1, 2020**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**