UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

LaJeff Lee-Percy Woodberry,        Case No. 18-46856-JAD
                                  Chapter 7
   Debtor.                          Hon. Joel Applebaum
_____/

Mark H. Shapiro, Trustee,

   Plaintiff,
v.                                  Adv. Case No. 18-4356

Yumi Yoo Woodberry,

   Defendant.
_____/


**OPINION GRANTING TRUSTEE'S MOTION FOR ORDER DISMISSING COUNTS AND AMENDING ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      The matter before the Court is the Trustee's Motion for Order Dismissing

Counts and Amending Order Granting Plaintiff's Motion for Partial Summary

Judgment. For the reasons set forth below, this Court GRANTS the Trustee's

Motion.

# I.

## FACTUAL BACKGROUND

Sometime in 2016, Ramco-Gershenson Properties, L.P. filed a lawsuit in the 35th District Court for the State of Michigan against LaJeff Lee-Percy Woodberry ("Debtor") and three other defendants to collect a debt arising out of a lease of commercial premises for a hair salon in which Debtor had an interest. On June 8, 2017, after a trial, the State Court entered a judgment against Debtor in the amount of $10,121.45. On February 15, 2018, after a hearing, the State Court granted a motion for attorney fees and entered an order against Debtor in the amount of $14,911.48. Debtor did not pay either the judgment or the attorney fee award.

On February 16, 2018, one day after the attorney fee award was entered in the Ramco litigation, Debtor quit-claimed his residence located at 18283 Muirland Street, Detroit MI ("Muirland Property") to his wife, Yumi Yoo Woodberry ("Defendant").[1] Debtor explained that he transferred the Property because Defendant was worried about the collection activity of the judgment creditor, Ramco-Gershenson Properties, L.P. (Docket No. 140, Opinion and Order Granting Preliminary Injunction, pp. 6–7.)

---

[1] While Debtor claims that he had transferred the Muirland Property to his wife on January 28, 2013, this Court previously found that the date of the actual transfer was February 16, 2018. (Docket No. 165, Opinion Granting Plaintiff's Motion for Partial Summary Judgment, pp. 8-9).

Less than three months later, on May 9, 2018, Debtor filed his Chapter 7 bankruptcy case. Mark H. Shapiro was appointed the Chapter 7 Trustee for Debtor's bankruptcy estate. On June 21, 2018, the Trustee recorded a Claim of Interest against the Muirland Property giving notice of an action pending against the Property as permitted by M.C.L. § 600.2735. (Docket No. 244, Exhibit B, Claim of Interest; Case No. 18-46856, Docket No. 18, Proof of Service Trustee's Claim of Interest). On June 27, 2018, Debtor amended his Schedule A/B to include the Muirland Property which he valued at $265,500.

On August 2, 2018, the Trustee ("Plaintiff") filed a 30 count complaint against Debtor's wife, Yumi Yoo Woodberry, seeking to avoid, among other things, the transfer of the Muirland Property to her.

On June 25, 2019, Debtor filed a motion to convert this case from a chapter 7 to a chapter 13.

On August 21, 2019, this Court denied Debtor's motion to convert his case to a chapter 13.

On November 4, 2019, Defendant mortgaged the Muirland Property to Mortgage Electronic Registration Systems as nominee for Amerisave Mortgage Corporation ("Amerisave") for $192,500. The Closing Disclosure submitted for the 2019 mortgage, dated October 13, 2019, indicates that the Muirland Property appraised for $275,000. The Closing Statement shows that the total amount of the

loan was $192,500 and that Defendant received cash in the amount of $186,891.64. (Docket No. 156, Closing Statement (attachment)). The Trustee was not aware Defendant mortgaged the Property at this time.

On May 29, 2020, after almost two years of litigation, the Trustee filed a motion for partial summary judgment seeking to avoid the transfer of the Muirland Property to Defendant. The Trustee sought summary judgment of Counts II, IV and V of the Trustee's thirty-count complaint.

On June 17, 2020, Defendant refinanced the Muirland Property and obtained a $301,600 mortgage. The Trustee was not aware of this mortgage at this time.

On July 8, 2020, this Court held a hearing on the motion for partial summary judgment. During that hearing, Debtor revealed to the Trustee for the first time that Defendant had mortgaged the Muirland Property for $192,500 (the Proceeds"), but did not disclose the June 17th refinancing. (Docket No. 140, Opinion and Order Granting Preliminary Injunction, p. 3.)

On July 10, 2020, the Trustee filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion") seeking to prohibit Defendant from disposing of the Proceeds and requiring Defendant to have the Proceeds held in trust pending the outcome of this adversary proceeding. (Docket No. 134, TRO Motion.)

During the July 15, 2020 hearing on the TRO Motion, the Court made

numerous inquiries about the whereabouts of the Proceeds. Debtor (speaking for Defendant) did not provide a direct answer to the Court's questions. (Docket No. 139) and did not disclose the June 17th refinancing.

On July 16, 2020, the Court entered an Opinion and Order Granting Preliminary Injunction (the "Injunction") (Docket No. 140). The Injunction enjoined Defendant and Debtor from disposing of the Proceeds and required Defendant to provide the Trustee with documentation that would reflect the net amount received by Defendant and the whereabouts of the Proceeds. The Court required:

> Within seven days from this order, the Defendant must provide the Trustee with: (1) a copy of the closing statement from the November 4, 2019 mortgage loan transaction that provided the Proceeds; or (2) a copy of a statement from the bank or other institution showing were the Proceeds are currently held.

(Docket No.140, p. 11).

On July 28, 2020, the Trustee filed a motion for order finding Defendant in contempt of court for failing to provide the Trustee with the documents set forth in the July 16, 2020 Opinion. (Docket No. 144).

At the Trustee's request, the Court held an expedited hearing on the contempt motion on August 3, 2020. After the hearing, the Court issued an order giving Defendant until August 10, 2020 to provide the Trustee with a copy of the closing statement from the mortgage loan and with a copy of a bank statement

5

showing where the Proceeds are currently being held. (Docket No. 152). The August 3, 2020 order also adjourned the hearing on the contempt motion to August 31, 2020 and instructed the Trustee to file a declaration advising the Court whether Defendant provided the two required documents by the August 10, 2020 date set by the Court.

Also, on August 3, 2020, Debtor and Defendant filed a motion to amend the Court's opinion and order granting the Trustee's motion for preliminary injunction issued on July 16, 2020. In Defendant and Debtor's motion to amend, Defendant and Debtor sought, in part, to "limit the amount Defendant and Debtor are enjoined from disposing to the exact monetary amount of the allowable claims" and to "prohibit the Trustees [sic] from freezing Defendant and Debtor accounts or acquiring other liens on the accounts". (Docket No. 149).

On August 11, 2020, the Trustee filed a Declaration Regarding Defendant and Debtor's Failure to Comply with Court Order informing the Court that Defendant did not provide the Trustee with either of the two documents described in the Injunction by the August 10, 2020 deadline set by the Court. ("First Declaration") (Docket No. 155).

On August 13, 2020, the Trustee filed a Statement Regarding Document Production ("Second Declaration") (Docket No. 156). The Second Declaration states that the Trustee received the following two documents from the Defendant

6

on August 11, 2020 and attached a copy of each of them: (i) a July 13, 2020 cashier's check customer receipt for $177,436.59 issued by Fifth Third Bank made payable to the Defendant with the memo "closing account;" and (ii) an October 13, 2019 "Closing Disclosure" for the mortgage loan for 18283 Muirland Street, Detroit, Michigan showing that the Defendant would receive $186,891.64 of the proceeds from the closing. (Docket No. 156.)

On August 31, 2020, the Court held the adjourned hearing on the contempt motion. The Trustee attended but Defendant and Debtor did not. The Trustee argued that the Court should grant the contempt motion because Defendant did not *timely* provide either of the two documents required by the Injunction, even by the extended deadline set by the Court. More importantly, Defendant had still only provided the Trustee with one of the two documents required by the Injunction: the closing statement for the mortgage loan transaction. The Trustee acknowledged that Defendant had also provided a cashier's check customer receipt showing that Defendant received $177,436.59 from Fifth Third Bank on July 13, 2020 but points out that the cashier's check customer receipt does not meet the requirement of the Injunction that Defendant provide the Trustee with "a copy of a statement from the bank or other institution where the Proceeds are currently held." The Trustee renewed his request for a finding of contempt and made an oral request for other forms of relief.

On September 1, 2020, the Court issued an order finding Defendant in contempt of court. The order states, in part:

> IT IS FURTHER ORDERED that the Defendant may purge the finding of contempt in this order by providing the Plaintiff with the specific document required by the Injunction — "a copy of a statement from a bank or other institution showing where the Proceeds are currently held" — and by paying the Plaintiff $600.00 of costs, by September 18, 2020.

(Docket No. 162).

On September 10, 2020, the Court entered an Order Granting Plaintiff's Motion for Partial Summary Judgment (the "Summary Judgment Order"). (Docket No. 166). The Summary Judgment Order avoided the transfer of the Muirland Property and recovered the Muirland Property for the bankruptcy estate. The Order states, in part:

> IT IS HEREBY ORDERED that:
>
> A. Summary judgment is granted in favor of Plaintiff and against Defendant on Counts II, IV, and V of the Plaintiff's complaint
>
> B. The Quit Claim Deed from LaJeff Lee-Percy Woodberry to Yumi Yoo Woodberry recorded with the Wayne County Register of Deeds on February 16, 2018 at Liber 54223, Page 701, with respect to the following real property [Muirland Property], is avoided: [legal description of the Property deleted]
>
> C. The Muirland Property is recovered for and now titled to Mark H. Shapiro as Chapter 7 Trustee for the bankruptcy estate of LaJeff Lee-Percy Woodberry, case no. 18-46856. . .

On September 11, 2020, the Trustee filed an adversary proceeding against

Amerisave and its nominee (the "Amerisave Adversary") seeking a determination that the 2019 Mortgage was void or subordinating the 2019 Mortgage to the Trustee's interest. (Adv. no. 20-4366, Docket No. 1). After the complaint was filed, Amerisave's counsel informed the Trustee that the 2019 Mortgage had been refinanced on June 17, 2020 with a $301,600 mortgage (the "2020 Mortgage"). (Adv. no. 20-4366, Docket No. 1, Exhibit B, 2020 Mortgage). The Trustee amended his complaint seeking a judgment declaring the 2020 Mortgage void or avoided, subordinating the 2020 Mortgage to the Trustee's interest, or awarding a money judgment for $301,600. (Adv. no. 20-4366, Docket No. 18.)

On September 15, 2020, the Court entered an Order Denying Debtor and Defendant's Motion to Amend Opinion and Order Granting Preliminary Injunction. (Docket No. 170). This order denied Debtor and Defendant's request to allow the dissipation of funds.

On September 23, 2020, Debtor and Defendant filed a notice of appeal for both the Order Granting Plaintiff's Motion for Partial Summary Judgment Motion and the Order Denying Debtor and Defendant's Motion to Amend Opinion and Order Granting Preliminary Injunction. (Docket No. 171).

On December 16, 2020, the Trustee filed the instant motion to amend the order granting the motion for partial summary judgment to include a money judgment and to dismiss the remaining counts of the complaint. (Docket No. 244).

On December 30, 2020, this case was reassigned to Judge Applebaum upon the retirement of Judge Shefferly.

On January 5, 2021, the District Court dismissed both of the appeals filed by Debtor and Defendant on the grounds that they were not ripe for appeal. (Docket No. 251).

On January 8, 2021, Debtor and Defendant filed a response opposing the Trustee's motion to amend and dismiss remaining counts.

On January 15, 2021, Debtor and Defendant appealed the District Court's Order Granting Motion to Dismiss Appeal.


II.

ANALYSIS

**A. Motion to Amend Order**

With respect to the Trustee's motion to amend, this Court finds that it is appropriate to amend the September 10, 2020 order granting partial summary judgment to include a money judgment against Defendant in the amount of $200,000 as requested by the Trustee.

Fed. R. Civ. P. 54(b) (incorporated into adversary proceedings by Fed. R. Bankr. P. 7054(a)) governs the amendments of interlocutory judgments and allows

for the revision of such judgments at any time before the entry of a final judgment.

Fed. R. Civ. P. 54(b) states:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief-- whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, *any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*.

*See also, Colonial Bank v. Freeman (In re Pac. Forest Prods. Corp.)*, 335 B.R. 910, 916 (S.D. Fla. 2005)("It is well-established that it is within a bankruptcy judge's discretion to reconsider any interlocutory order made prior to entry of final judgment"); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 fn.1 (10th Cir. 1991)("motion for reconsideration [following partial summary judgment ] was nothing more than interlocutory motion invoking district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment"); *Caylon New York Branch v. American Home Mortg. Corp.,* 383 B.R. 585, 588 (Bankr. D. Del. 2008).

While the amendment of *final* judgments, but not interlocutory judgments, are governed by Fed. R. Civ. P. 59(e), which is incorporated by Fed. R. Bankr. P. 9023, "courts [in the bankruptcy context] routinely characterize motion to

rehear/reconsider interlocutory orders as Rule 59(e) motions" and apply those standards for evaluating whether to grant a Rule 59(e) motion to interlocutory orders. *Colonial Bank,* 335 B.R. at 917; *In re Energy Future Holdings, Corp*, 575 B.R. 616, 627–28 (Bankr. D. Del. 2017); *Caylon,* 383 B.R. at 588 (Bankr. D. Del. 2008). A Rule 59(e) motion may be granted: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)(setting forth the elements for a motion to amend judgments under Fed. R. Civ. P. 59(e)).

In this case, this Court finds that there are grounds to amend the judgment based both on newly discovered evidence regarding the disposition of the Proceeds and to otherwise prevent manifest injustice. The record shows that the Trustee did not learn that Defendant extracted all of the equity from the Muirland Property until after entry of the summary judgment order and there was substantial litigation concerning Defendant's right to use the Proceeds.[2] It would be patently unfair to

---

[2] The Trustee was clearly concerned about the dissipation of the Proceeds and acted promptly to secure its rights. (Docket No. 134, TRO Motion; Docket No. 140, Opinion and Order Granting Preliminary Injunction; Docket No. 144, July 28, 2020 Contempt Motion; Docket No. 152, Contempt Order). The Trustee continued to seek information regarding the location of the Proceeds. (Docket Nos. 155 and 156, Declarations seeking the whereabouts of the Proceeds). The Defendant and

allow Defendant to walk away with $300,000 in cash proceeds from the home and, possibly, leave the creditors of this estate without recourse. For that reason, this Court finds it appropriate to amend the order granting partial summary judgment to include a money judgment against Defendant as permitted by 11 U.S.C. § 550.

Section 550(a) of the Code provides that once a transfer is avoided, the Trustee may recover for the estate the property transferred or, if the court so orders, the value of such property, from the initial transferee. See 11 U.S.C. § 550(a). The purpose of § 550 is to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." *Suhar v. Bruno (In re Neal)*, 478 B.R. 261, 273 (B.A.P. 6th Cir. 2012) *(quoting Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 165, 176 (Bankr. S.D.N.Y. 1998)).

The type of relief awarded is within the Court's discretion and may include both recovery of the property and a money judgment, provided that the Trustee is limited to a single satisfaction as prescribed by 11 U.S.C. § 550(d). *Id.; Feltman v. Warmus (In re American Way Serv. Corp.),* 229 B.R. 496, 531 (Bankr. S.D. Fla. 1999)(if the value of fraudulently transferred property has declined, returning the devalued property itself would not make the estate whole and, in such instances, an award of money judgment is appropriate).

---

Debtor 's failure to be forthcoming with the whereabouts of the Proceeds led to a finding of contempt. (Docket No. 162, Contempt Order).

The Muirland Property was worth at least $200,000 at the time the Muirland Property was transferred. (See Docket No. 40, Request for Admission No. 5 and Docket No. 107, Order Deeming Matters Admitted). Accordingly, this Court grants the Trustee's motion to amend the Summary Judgment Order to include a money judgment against the Defendant for $200,000.

The Debtor and Defendant (hereinafter "Defendant") raise ten arguments in opposition to the Trustee's motion to amend. First, Defendant argues that the Trustee's motion to amend is untimely because, under Fed. R. Civ. P. 59(e) (which is incorporated by Fed. R. Bankr. P. 9023), motions to amend judgments must be filed within 14 days after entry of the judgment.[3] Defendant points out that the order granting the motion for partial summary judgment was entered on September 10, 2020 but the motion to amend the order was not filed until December 16, 2020, a date well past the fourteen-day deadline for filing motions to amend judgments.

As discussed above, the time limit set forth in Fed. R. Bankr. P. 9023 does not apply in this case because Rule 9023 is limited to the amendment of final judgments. *United States v. Martin*, 226 F.3d 1042, 1047-48 (9th Cir. 2000) (a party who seeks reconsideration of an interlocutory bankruptcy order need not move for rehearing within ten days because the ten-day limitation of Rule 59(e) does not

---

[3] Federal Rule of Bankruptcy Procedure 59(e) states, in part: "a motion . . . to alter or amend a judgment shall be filed . . . no later than fourteen days after entry of judgment."

apply.)   In this case, this Court entered an order on the Trustee's motion for partial summary judgment. The order granting partial summary judgment is not a final, appealable order. (Docket No. 251, Order Dismissing Appeal)(the District Court judge dismissed the appeal on the grounds that it is not a final order as contemplated by 28 U.S.C. §158(a)(1)).  Thus, the Summary Judgment Order is not subject to the time limitation set forth in Fed. R. Bankr. P. 9023.

At the hearing on this motion, Defendant argued that the order granting partial summary judgment is a final, appealable order, citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S.Ct. 582, 586 (2020).  Defendant raised this argument before, during his appeal of the partial summary judgment order to the District Court.  The District Court correctly rejected this argument stating:

> In *Ritzen*, the Supreme Court held that the denial of a motion for an order terminating or modifying the automatic stay is a final, immediately appealable decision. *Id*. The Court concluded that the "proceeding" for a stay-relief motion is the stay-relief adjudication. "The stay serves to "maintai[n] the status quo and preven[t] dismemberment of the estate" during the pendency of the bankruptcy case." *Id*. at 589. As such, "[a] bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to, and separate from, claim-resolution proceedings." *Id*.

> This case does not involve an issue related to the automatic stay. Rather, it involves an adversary proceeding related to alleged fraudulent transfers of property by the debtor. In this case, the Order Granting Partial Summary Judgment did not dispose of all the claims in the Adversary Proceeding. There are 27 counts in the Complaint that have yet to be adjudicated. Clearly, the order did not dispose completely of a discrete dispute within the bankruptcy case.

(Docket No. 251, Order Dismissing Appeal, p. 4-5).

Similarly, Defendant's argument that the Trustee cannot move to amend a judgment that is on appeal also does not apply in this case. Defendant appealed this case to the Federal District Court on September 23, 2020. However, the District Court dismissed the appeal on January 5, 2021 on the grounds that the appeal was premature because a final judgment had not yet been entered. The dismissal of the appeal re-vested jurisdiction over the motion for summary judgment to the Bankruptcy Court.

Defendant then appealed the District Court's order to the Sixth Circuit Court of Appeals, seeking to overturn the District Court's ruling that the matter was not ripe for appeal. At the hearing, the Defendant argued that the Bankruptcy Court no longer had jurisdiction over the order granting partial summary judgment because that order was now on appeal to the Sixth Circuit. This Court disagrees. The merits of the order granting the Trustee's motion for partial summary judgment are not before the Sixth Circuit. Jurisdiction over the summary judgment order remains with the Bankruptcy Court. The issue on appeal is the District Court's determination that the appeal was premature. *In re Harchar*, 2009 WL 1585993 (Bankr. N.D. Ohio, February 13, 2009, *2 ("if an appeal is later found by the appellate court to indeed be premature, any order issued by the trial court after the notice of appeal was filed may stand"); *Riggs v. Scrivner*, 927 1146, 1148 (10th Cir.

1991)("[A] premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals.") For this reason, this Court finds that it is not precluded from amending the order for partial summary judgment by Defendant's appeal of the District Court's order to the Sixth Circuit.

Defendant's next argument is that because this case was reassigned to this Court upon the retirement of Judge Shefferly, this Court cannot amend Judge Shefferly's order. That premise, on its face, is incorrect. This Court was assigned this case pursuant to a valid transfer of cases from a retiring judge to an active judge. This Court has the authority to enter appropriate orders in this case. The scope of that authority includes amending prior orders when warranted. Defendant cites no authority to the contrary.

Defendant then argues that, because the Trustee did not seek money damages from Defendant in his motion for partial summary judgment, he cannot now seek that recovery. Again, as discussed above, pursuant to Fed. R. Bankr. P. 7054, bankruptcy courts have discretion to amend judgments any time before the judgment becomes final. Further, the Trustee did request "other relief as this Court deems proper" and the Court finds that this language is sufficient in this case where it was not known that Defendant had dissipated the asset prior to the entry of the judgment and where not granting a money judgment against Defendant could result in a manifest injustice.

Defendant next argues that the Trustee cannot "double dip", that being collect in full from both Defendant and Amerisave. While it is true that the Trustee cannot collect twice, the Trustee is still entitled to attempt to collect on a money judgment from Defendant. Courts have allowed joint and several liability when multiple parties are liable on a debt, so long as the limit on the debt collection is the amount actually owed. 11 U.S.C. §550(d)(trustee is entitled to only a single satisfaction under subsection (a) of this section). In this case, Defendant and, potentially, Amerisave are liable for the dissipation of an asset of the estate, that being the value of the Property. The Muirland Property had a value of, at least, $200,000 which was subject to the Trustee's Claim of Interest and which was supposed to flow into the estate to be used for the payment of Debtor's creditors. The Trustee is entitled to a money judgment for the value of the Property on the date of the transfer.

Defendant further argues that the *Feltman* case, cited by the Trustee, 229 B.R. 496 (Bankr. S.D. Fl. 1999), which allows for a money judgment in cases where the fraudulently transferred property has decreased in value, does not apply to this chapter 7 adversary proceeding. Defendant does not articulate why. Defendant merely states that she was within her rights to mortgage the Property at the time she did so and, ostensibly concludes, without support, that, because she was within her rights to mortgage the Property, she is not liable to the Trustee for the

diminution of the Property's value to the bankruptcy estate. This Court disagrees. The Trustee is entitled to the value of the transferred Property and this Court cannot see any reason why the *Feltman* case should not apply to this case. *See*, *In re Grove-Merritt*, 406 B.R. 778, 811 (Bankr. S.D. Ohio 2009)("The purpose of this section [550] is 'to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.'" (citations omitted)).

Defendant relies heavily on the premise that she was within her rights when she mortgaged the property in November of 2019 and then refinanced in June of 2020 because the Property was titled in her name. While it is true that the Property was titled in Defendant's name, Defendant knew the Property was subject to the Trustee's Claim of Interest as early as June 21, 2018 when the Trustee served the Debtor with the Claim of Interest. While she may have been within her rights to mortgage the Property, a question the Court need not decide, the Trustee is not without recourse against her. Defendant took a potential asset of the estate and rendered it valueless. For this reason, the Trustee has a claim against her. The Trustee may also have a claim against Amerisave, but that claim has no effect on the Trustee's claim against Defendant so long as the total recovery is limited by the value of the Muirland Property on the date of the transfer. 11 U.S.C. §550(d).

Defendant argues that it would be unfair to require her to pay the Trustee when she is obligated to pay Amerisave under the mortgages. This Court finds that

the obligation Defendant has to Amerisave is independent of the obligation Defendant has to the Trustee. The Trustee is entitled to assets with a value of $200,000. If the Trustee is able to avoid the Amerisave's mortgage on the Property, and the Property has a value of at least $200,000, then the Trustee will have been made whole and would not be entitled to collect from Defendant. If, however, Amerisave's mortgage is not avoided, then the Trustee may collect from Defendant. Defendant received the Proceeds which were later determined to be the Trustee's. Defendant knew that the Muirland Property was the subject of litigation at the time she mortgaged the Property (twice). For these reasons, should Amerisave be found liable for the claims alleged, Defendant would be jointly and severally liable with Amerisave.

Defendant next argues that, because the chapter 7 Trustee refused Debtor's offers to pay the proof of claims in full, the chapter 7 Trustee is barred from transferring Debtor's obligation to pay the claims to Defendant. There are numerous problems with the argument. First, the Trustee is not transferring Debtor's obligation to pay on the claims filed in his estate to Defendant. The Trustee is, instead, marshalling Debtor's assets, including the Muirland Property, so that Debtor's creditors may be paid. In addition, this Court does not find any evidence in support of Debtor's contention that he ever offered to pay all

bankruptcy claims in full.  In this Court's Opinion Denying Motion to Require

Trustee to Accept Debtor's Payment of Claims and Costs, this Court states:

> … the Debtor and the Defendant now ask the Court to order the
> Trustee to accept a settlement of this adversary proceeding.  But there
> is a catch.  They don't actually make a settlement offer.  Instead, they
> ask the Court to order the Trustee to give them an accounting of the
> proofs of claims in the Debtor's bankruptcy case and the costs of
> administration of the bankruptcy case.  Then they will make a
> settlement offer to the Trustee.  That is not how Chapter 7 works.

(Docket No. 141, p. 6).  That Opinion goes on to discuss in great detail the duties

of the Trustee with respect to marshalling estate assets and in providing a debtor

with an accounting.

Defendant then argues that the Trustee has not proven its $200,000 claim,

noting that Debtor only had approximately $100,000 of debt when he filed his

bankruptcy case.  It appears that Defendant is confused with respect to the basis for

the $200,000 recovery.  The Trustee is seeking $200,000 for the bankruptcy estate

because that was the value of the Muirland Property at the time it was transferred

from Debtor to Defendant.  The Court found that the Muirland Property was the

subject of a fraudulent transfer and ordered the Property turned over to the Trustee.

However, by the time the Property was turned over to the Trustee, all of the

remaining equity in the Property (approximately $200,000) was removed.  The

Trustee seeks the $200,000 to make the estate whole.  If, however, the Trustee

were able to recover the value of the Muirland Property and pay off Debtor's

creditors and the costs of administration, any leftover funds would be returned to Debtor.

Defendant's final argument is that she has been denied due process because "throughout this bankruptcy, the Debtor and Defendant have been denied opportunity to cross examine the chapter 7 trustee's allegations." It is unclear whether this argument is specific to the motion for partial summary judgment or to all of the bankruptcy proceedings in general. With respect to the motion for partial summary judgment, the docket indicates that Judge Shefferly held an hour-long hearing on that motion on July 8, 2020. This Court also notes that motions for summary judgment are not entitled to evidentiary hearings. In fact, the nature of summary judgment motions is that, based on the *undisputed* facts in the record, the Court can rule on an issue as a matter of law. Litigants are not entitled to cross-examination when there are no disputed facts. The Trustee made his legal claims based on the facts in the record. The Trustee does not have independent knowledge of the facts; the facts are set forth in documents and by the Defendant and Debtor's own statements. Moreover, this motion to amend is also a motion for which no evidentiary hearing is necessary. The decision on this motion to amend is based on facts already in the record and case law as applied to those facts.

**B. Dismissal of the Remaining Counts**

The chapter 7 Trustee seeks to dismiss the remaining counts of the Complaint

because the Trustee has already been granted recovery of the Muirland Property

and because the Trustee seeks a final judgment in this case.

Rule 41 of the Federal Rules of Civil Procedure applies to adversary

proceedings. See Fed. R. Bankr. P. 7041.[4] In a case where the opposing party has

filed a response, the plaintiff may voluntarily dismiss a case without a court order

by filing "a stipulation of dismissal signed by all parties who have appeared." Fed.

R. Civ. P. 41(a)(1)(A). Absent stipulation, the action may only be dismissed by

court order, on terms that the court considers proper. Fed. R. Civ P. 41(a)(2)."

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is

within the sound discretion of the district court." *In Grover by Grover v. Eli Lily*

*and Co.,* 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).

---

[4] "Because Rule 41(a) refers to the dismissal of an 'action' rather than a dismissal of 'claims,' some courts treat a motion to voluntarily dismiss certain counts of a multi-count complaint as a motion to amend the complaint to delete the specified claims." *Neighbors Concerned about Yacht Club Expansion v. Grosse Point Yacht* Club, No. 99-70325, 1999 WL 33656445, at *6 (E.D. Mich. May 26, 1999) (citing *Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 394 (6th Cir. 1979)). These courts examine such motions using the Rule 15(a) factors articulated in *Foman v. Davis*, 371 U.S. 178 (1962), i.e., bad faith, undue delay, or undue prejudice to the opposing party. *See Williams v. Wayne County*, No. 09-14328, 2011 WL 479959, at *6 (E.D. Mich. Feb. 4, 2011). There is no prejudice to Defendant in a dismissal of the remaining counts of the complaint. In fact, a dismissal will provide the district court with the jurisdiction that Defendant needs for her appeal of the Summary Judgment Order (DC Case No. 20-12622). And as noted herein, this motion is motivated by a good faith desire to move forward, not to delay the proceeding. Under this standard, the Trustee's motion should also be granted.

In this case, Defendant has declined Trustee's request to dismiss the remaining counts of the Complaint.

This Court finds that the estate would not benefit from further litigation in this adversary case. The Trustee has been granted the relief he was seeking, that being the recovery of the Muirland Property valued at $200,000 on the date of the transfer.  Litigating the remaining counts is, therefore, unnecessary.  For this reason, the estate will be best served by obtaining a final judgment in the adversary case.  Accordingly, this Court dismisses Counts I, III, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, and XXX of Plaintiff's complaint, with prejudice and without costs to either party.

Defendant does not appear to oppose the dismissal of the remaining counts but wants the dismissal conditioned on the Trustee being prevented from collecting from Defendant.

Defendant raises many of the same arguments with respect to the dismissal of the remaining counts as she did with respect to the amendment of the Summary Judgment Order. The Defendant's arguments (a)-(d) were addressed directly in the first part of this Opinion.

In addition to the arguments already addressed, Defendant makes three further arguments. First, Defendant argues that the Trustee may not recover from the Defendant under 11 U.S.C. § 550(c)(2) because Defendant is not an insider.

This Court finds that § 550(c)(2) does not apply in this case. Section 550(c)(2) only applies to preference actions. Section 550(c)(2) states:

> If a transfer made between 90 days and one year before the fling of the petition—(1) is avoided under section 547(b) [avoidable preferences] of this title; and (2) was made for the benefit of a creditor that at the time of such transfer was an insider; the trustee may not recover under subsection (a) from a transferee that is not an insider.

Furthermore, had this been a preference action, Defendant would be classified as an insider. The Bankruptcy Code defines "insider" as "a relative of the debtor. . ." 11 U.S.C. § 101(31)(A)(i). Regardless of Defendant's argument with respect to § 550(c)(2), the Trustee in this case is appropriately seeking recovery from Defendant under § 550(a).

Second, Defendant argues that, "the transfer of the Muirland Property to the Defendant should not have been avoided because the Defendant was not a creditor and had not committed any fraud, actual or constructive, against the Debtor's creditors." This argument is merely a recitation of Defendant's disagreement with this Court's the ruling on the motion for partial summary judgment and is best left for her appeal.

Third, Defendant argues that the remaining counts should have been dismissed "as early as the date of the entry of this court's order denying Debtor's motion to convert from chapter 7 to chapter 13" and the Trustee's insistence on litigating this matter has prejudiced both Defendant and Debtor. This Court does not understand this argument because the Debtor's motion to convert was filed on August 21, 2019. The motion for partial summary judgment was not filed until May 29, 2020. It would not have been possible for the remaining counts to be dismissed before they were even alleged.

Because this Court does not find any of Defendant's arguments persuasive, this Court GRANTS the Trustee's motion to dismiss the remaining counts of the Complaint without conditions.

## III.

## CONCLUSION

For the above-stated reasons, this Court GRANTS the Trustee's Motion for Order Dismissing Counts and Amending Order Granting Plaintiff's Motion for Partial Summary Judgment.

**Signed on February 16, 2021**



/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**